IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CAROL TRESCOTT,

       **Plaintiff,**

vs.                        **Case No. 4:12cv104-RH/CAS**

DEPARTMENT OF THE TREASURY,
JP MORGAN CHASE BANK,

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, *see* doc. 10, filed a Petition to Quash Summons.  Doc. 1.  Plaintiff served a copy of the petition on Defendants, *see* doc. 1 at 8-9, and the United States Attorney was directed to respond to the petition on behalf of the Department of the Treasury.  Doc. 7.  The Department has filed a motion to dismiss or for summary denial of the petition, doc. 8, and Plaintiff has filed a response in opposition.  Doc. 11.

JP Morgan Chase Bank recently filed a motion to dismiss on July 13, 2012.  Doc. 12.  In an order entered on August 1, 2012, Plaintiff was directed to file her response to that separate motion to dismiss by August 17, 2012.  Doc. 14.  This report and recommendation addresses only the motion to dismiss filed by the Department of the Treasury.

**The petition, doc. 1**

Plaintiff seeks to halt JP Morgan Chase Bank, "the third-party record keeper from revealing Plaintiff's private records to the Internal Revenue Service . . .."  Doc. 1, p. 1. Plaintiff alleges that the Department of the Treasury issued an administrative summons under 26 U.S.C. § 7609[1] for Plaintiff's financial records.[2]  *Id.* at 1.  Plaintiff contends that the Department of the Treasury did not comply with 26 U.S.C. § 7609(h) which requires notice to the taxpayer.  *Id.* at 2.  Plaintiff says that the Department only served the Bank with summonses.  *Id.* at 2.  Plaintiff further contends that a "person entitled to Notice of the Summons under IRC 7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given."  *Id.* Plaintiff timely filed the petition within 20 days of receiving notice from the Bank.  *Id.*

Plaintiff claims that Internal Revenue Service issued the summons in "bad faith" and solely to conduct a "fishing expedition" into Plaintiff's financial records.  *Id.* at 3-4. She further alleges that in addition to not providing her notice, the IRS failed to properly

---

[1] The statute provides: "If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons."
26 U.S.C. § 7609(a)(1).

[2] Plaintiff did not list an account with Chase Bank on her financial affidavit, signed under penalty of perjury, submitted with her in forma pauperis motion.  Doc. 9.  Plaintiff stated that "she never had a bank account [with] JP Morgan Chase Bank."  Doc. 9-1, at 3-4.  Plaintiff said that Chase was the "mortgage holder for the real property in which [Plaintiff has] a life estate."  *Id.*

give the Bank notice as well.  *Id.* at 5.  Plaintiff requests that the summons be quashed or, in the alternative, that an injunction be issued and that any "records already released be destroyed as they were obtained in violation of § 7609 . . . ."  *Id.* at 7-8.

Attached to the petition was a letter to Plaintiff from JP Morgan Chase Bank advising Plaintiff that the Bank was served with a subpoena.  Doc. 1-1.  The Bank advised that it was "obligated to respond to this subpoena" and would provide the requested information unless the Bank received, "within ten days from the date of this letter (or sooner if required by the subpoena), a properly filed Motion to Quash the subpoena, or Court Order stating" the Bank did "not have to comply with the request for production of documents."  *Id.*  The letter was dated February 16, 2012, and attached to the letter was the summons.  *Id.* at 2.  The summons was dated January 30, 2012, and directed the production of specified records on February 27, 2012.  *Id.*

**Procedural Status**

Because this case was not initiated until March 6, 2012, a report and recommendation was entered to dismiss this case as moot because it was presumed that production must have occurred prior to the filing date.  Doc. 4.  Upon reconsideration, *see* docs. 5, 7, it was determined that even if production had already occurred, it did not necessarily moot the case.  A court has the discretionary power to provide partial remedy even after compliance with a summons.  *See* Redeker-Barry v. United States, 218 Fed.Appx. 868, 869, 2007 WL 542607, at *1 (11th Cir. 2007), *citing* Church of Scientology v. United States, 506 U.S. 9, 113 S.Ct. 447, 450, 121 L.Ed.2d 313 (1992).  In Church of Scientology, the Court stated:

> Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession. The availability of this possible remedy is sufficient to prevent this case from being moot.

506 U.S. at 13, 113 S.Ct. at 450.  Therefore, the report and recommendation was vacated, and the Department was directed to respond.  Doc. 7.

**Motion to Dismiss, doc. 8**

The Department of the Treasury has responded and asserts that the petition to quash the summons should be dismissed or summarily denied because the summons "was issued in aid of collection, and therefore, Plaintiff was not entitled to notice of the summons."  Doc. 8 at 1, *citing* 26 U.S.C. § 7609(c)(2)(i).  The Department states that in 1997 and 2007, "the IRS assessed civil penalties against Plaintiff for filing frivolous tax returns."  *Id.* at 2.  "The IRS summons seeks documents in aid of collection of these outstanding federal tax liabilities."  *Id.*  Thus, the Department contends that "[s]ince the United States has not waived its sovereign immunity over petitions to quash summonses for which notice is not required, the Court lacks jurisdiction to entertain Plaintiff's challenge here, and the United States moves to dismiss the petition on that basis."  *Id.* at 1.

**Plaintiff's response, doc. 11**

Plaintiff argues that the statute "clearly states that summonses issued, even in the aid of collection, are under the notice requirement."  Doc. 11 at 2.  Plaintiff argues that IRS Publication 594 is for informational purposes only, not established law, and is misleading.  *Id.* at 3.  Plaintiff challenges the explanation that the summons was "to aid

in collection" and claims it is "vague and useless . . . as old records give no indication of [a] taxpayer 's current financial situation or ability to pay."  *Id.*  Plaintiff argues that the issue of her liability is "currently being litigated in Tax Court"[3] but acknowledges she has been "issued penalties for filing 'zero returns' . . . ."  *Id.* at 6.  Plaintiff questions "whether Defendant is seeking to recover penalties or liability."  *Id.* at 7.  She maintains that a summons issued to determine liability would be invalid, and that "penalties are strictly a statutory matter and the amounts are not determined by income, but by statute."  *Id.* at 6.  Plaintiff claims that because her tax liability "is still being determined for 2007, Revenue Officer Wilson is premature in seeking 'sources from which he can collect the unpaid tax liabilities.' "  *Id.* at 7.  Plaintiff argues that tax liability for 1997 is barred by the statute of limitations and liability for 2007 is "non-collectible at this point" because it is still being litigated.  *Id.* at 5-8.  Plaintiff does, however, acknowledge that a "lien was issued against Plaintiff on February 25, 2010, for the full amount of the Civil Penalties from tax years 1997 and 2007" and the lien is still in existence.  *Id.* at 12.

Plaintiff further claims that the Department's sovereign immunity defense lacks merit because the statute states notice is required and a taxpayer can bring a lawsuit to quash a summons.  *Id.* at 4.  Finally, Plaintiff argues that judicial review is authorized in the statute because taxpayers have the right to insist on compliance with the law and, thus, subject matter jurisdiction does exist.  *Id.* at 5.

---

[3] Judicial notice is taken that Plaintiff initiated a petition in the United States Tax Court on September 8, 2009, case 021320-09, which is still pending.

**Standard of Review**

The Department seeks dismissal of the petition pursuant to Fed.R.Civ.P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction over this claim.  "A motion to dismiss based on lack of subject-matter jurisdiction should be granted 'only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.' "  Harris v. Bd. of Trs. Univ. of Ala., — F.Supp.2d —, 2012 WL 669847 at *4 (N.D. Ala. 2012), *quoting* Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof in demonstrating subject matter jurisdiction exists is on Plaintiff.  Harris, 2012 WL 669847 at *4 (other citations omitted).

An attack on subject matter jurisdiction may be raised in two ways -- either facially or factually.  McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). "These two forms of attack differ substantially."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  "Facial attacks focus on whether the complaint itself states a sufficient allegation of subject matter jurisdiction, whereas factual attacks challenge the existence of subject matter in fact."  Garcia v. Copenhaver, Bell & Assoc., P.A., 104 F.3d 1256, 1260-61 (11th Cir. 1997), *cited in* Baydar v. Renaissance Cruises, Inc., 35 F.Supp.2d 916, 917 (S.D. Fla. 1999).  When a motion to dismiss does not challenge factual assertions made in a complaint, the motion should "properly [be] treated as a facial attack."  Hughes v. United States, 110 F.3d 765, 768, n.1 (11th Cir. 1997) (noting the Government argued that the claims were "barred by the discretionary function exception to the FTCA").

On the other hand, the essence of a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529 (11th Cir. 1990), *quoting* Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980).  Factual attacks permit the court "to proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56." Lawrence, 919 F.2d at 1529.  The court is free to weigh the evidence, the existence of disputed material facts is not preclusive to resolution of jurisdictional claims, and there is no presumptive truthfulness to the allegations in a complaint. *Id.*  In a factual attack, matters outside the pleadings may be considered as a district court must zealously insure that it has jurisdiction over a case. Goodman v. Sipos, 259 F.3d 1327, 1332, n.1 (11th Cir. 2001); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Thus, in considering a Rule 12(b)(1) motion, "the district court is empowered to consider matters of fact which may be in dispute." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981), *cited in* Ramming, 281 F.3d at 161.

**Analysis**

        Section 7609 of the Internal Revenue Code, sets out "special procedures for third-party summonses."  26 U.S.C. § 7609.  Of relevance to this case is subsection (a), which sets forth the notice requirements for a summons, subsection (b), which establishes a right to intervene and to bring a proceeding to quash such a summons, and subsection (c), which clarifies when the section applies to summons and states the exceptions.  26 U.S.C. § 7609(a)-(c).  The Department contends that an exception listed in § 7609(c)(2)(D)(i) is applicable and, therefore, Plaintiff was not entitled to notice and cannot maintain this action to quash the summons.

Pursuant to 26 U.S.C. § 7609(a)(1), when a summons requires "the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined."  That provision also requires that "[s]uch notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons."  26 U.S.C. § 7609(a)(1).

Subsection (b) establishes the right of a person to quash such a summons:

> Notwithstanding any other law or rule of law, *any person who is entitled to notice of a summons* under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).  In any such proceeding, the Secretary may seek to compel compliance with the summons.

26 U.S.C. § 7609(b)(2)(A) (emphasis added).  The issue raised by the Department is that Plaintiff was not "entitled to notice of a summons under subsection (a)" and, thus, does not have the right to quash the summons.  Doc. 8.

The exception to the notice requirement, as stated in subsection (c), is when a summons is "issued in aid of the collection of— (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued . . . ."  26 U.S.C. § (c)(2)(D)(i).  The question that must be answered is whether or not the summons was issued to aid the collection of an "assessment made or judgment rendered."  If the answer is yes, then Plaintiff was not entitled to notice and has no basis to quash the summons served on JP Morgan Chase Bank.

The Department provided the Declaration of Henry C. Wilson, Jr., a Revenue Officer employed by the Internal Revenue Service.  Doc. 8-1.  In his Declaration, Wilson states that he is responsible "for collecting federal tax liabilities in assigned cases." Doc. 8-1, at 1.  Wilson is authorized to issue IRS summons pursuant to 26 U.S.C. § 7602, and he states that he was assigned to collect Plaintiff's "assessed civil penalty liabilities for the tax years 1997 and 2007."  *Id.*  Wilson declares that the IRS has "made an assessment against" Plaintiff for filing frivolous tax returns, "claiming that none of her activities were subject to federal income tax."  *Id.* at 2.  The Declaration establishes that Plaintiff "owes the United States $10,000,00 in civil penalty liabilities for the tax years 1997 and 2007, plus fees and interest that has accrued and continues to accrue on those unpaid tax liabilities."  *Id.*

Plaintiff was informed in a letter dated September 23, 2010, of the collection process and that the IRS may contact third parties to investigate a taxpayer's case. Doc. 8-1 at 2.  The letter advised Plaintiff that her federal tax was still unpaid, and the IRS intended to levy.  *Id.* at 11.  Plaintiff readily admits that a Notice of Federal Tax Lien[4] was filed against her on February 25, 2010 "for the full amount of the Civil Penalties from tax years 1997 and 2007 . . . ."  Doc. 11 at 12.

Wilson issued an IRS administrative summons to Chase Bank on January 30, 2012, for "all records pertaining to any real estate or other transaction to which [Plaintiff] was a party, for the quarterly periods from December 31, 1997 through January 31, 2012."  Doc. 8-1 at 3.  Wilson declares that the summons was issued "to assess in the collection of [Plaintiff's] unpaid federal tax liabilities."  *Id.*  The records sought "were

_____

[4] The Notice was attached as an exhibit to Plaintiff's response, doc. 11.

necessary to identify potential sources of collection." *Id.* In particular, Wilson explained that the records were sought because he received information indicating Plaintiff "paid interest on a mortgage held by Chase Bank." *Id.* "The records sought by the summons, such as loan application documents or copies of checks, might identify sources of collection, including hidden income sources and bank accounts which may be subject to levy." *Id.* Wilson avers that because "the summons was issued in aid of the collection of an assessment made against the person whose liability" he sought to collect, notice was not provided to Plaintiff. *Id.* at 4. Wilson also indicates that Chase Bank complied with the summons on March 19, 2012, and Wilson is in possession of the documents produced. *Id.*

Because there is no dispute that a tax lien exists against Plaintiff, there can be no dispute that an assessment has been made against Plaintiff. It is not determinative that Plaintiff has a case pending in the Tax Court and a judgment has not yet been rendered. The Notice of Federal Tax Lien is for the "Unpaid Balance of Assessment." Doc. 11 at 14. Pursuant to § 7609(c)(2)(D)(i), an assessment was made against Plaintiff and under the clear language of the statute, Plaintiff was not entitled to notice of the summons.

Under the doctrine of sovereign immunity, an individual cannot sue the United States without its express consent. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The United States has waived its sovereign immunity only with respect to petitions to quash an IRS summons if the petitioner was entitled to notice of the summons. *See* Shaw v. United States, 2011 WL 7645791 at *2 (M.D. Fla. Aug. 23, 2011). Because the summons was issued in aid of the collection of an

assessment against Plaintiff, the United States has not waived its sovereign immunity and this petition must be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 8, filed by the United States Department of the Treasury, be **GRANTED** and Plaintiff's petition to quash summons, doc. 1, be **DISMISSED** as to this Defendant for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity, and that the case be **REMANDED** for further proceedings as to the remaining Defendant, JP Morgan Chase Bank.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**